UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

MARTIN ALEJANDRO ESPINAL COLLADO,

             Defendant.

------------------------------------X

<u>13 Cr. 967 (RWS)</u>

<u>SENTENCING OPINION</u>



**Sweet, D.J.**


      On January 9, 2014, Martin Alejandro Espinal Collado (the "Defendant" or "Espinal-Collado") pled guilty to Count 1: Being Found in the United States Following Deportation for an Aggravated Felony (8 U.S.C. §§ 1326(a) & (b)(2)), a Class C Felony. For the reasons set forth below, the Defendant will be sentenced to 24 months' imprisonment. Defendant is also required to pay a special assessment of $100.


**Prior Proceedings**


      Defendant was named in a one-count Information 13 CR 967, filed on December 13, 2013 in the Southern District of New York. Count One charges that from at least June 13, 2013, in the

Southern District of New York, Defendant, being an alien, after
having been removed from the United States on January 24, 2004
subsequent to a conviction for an aggravated felony, unlawfully
entered and was found in the United States, in violation of 8
U.S.C. §§ 1326(a) & (b)(2).


3.    On January, 9, 2014, the Defendant appeared before
the Honorable Sarah Netburn in the Southern District of New York
and allocated to Count 1 pursuant to a plea agreement.


Sentencing is scheduled for May 1, 2014.


**The Sentencing Framework**


In accordance with the Supreme Court's decision in
United States v. Booker, 543 U.S. 220 (2005), and the Second
Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d
Cir. 2005), the sentence to be imposed was reached through
consideration of all of the factors identified in 18 U.S.C.
§ 3553(a), including the Advisory Guidelines:

    (1)  the nature and circumstances of the offense and the
         history and characteristics of the defendant;

    (2)  the need for the sentence imposed —

    (A)  to reflect the seriousness of the offense, to

promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement . . . [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that document.

Espinal-Collado is a native and citizen of the Dominican Republic. On August 10, 1999, in Kings County Supreme Court in Brooklyn, New York, the Defendant was convicted of Burglary and Attempted Murder, Case Number 8977-97.

On April 4, 2000, a United States Immigration Judge ordered the Defendant removed, and he was deported from the United States to the Dominican Republic.

On June 13, 2013, the Defendant was arrested in Manhattan for Criminal Possession of Stolen Property, Case Number 2013NY046342. An Immigration and Customs Enforcement query

confirmed that, following his removal to the Dominican Republic, the Defendant never obtained the express consent of the appropriate governmental authority to reapply for admission to the United States.

## The Relevant Statutory Provisions

For Count 1, the maximum term of imprisonment is 20 years pursuant to 8 U.S.C. § 1326(a). A term of supervised release of not more than three years may be imposed pursuant to 18 U.S.C. § 3583(b)(2).

The Defendant is eligible for not less than one nor more than five years' probation because the offense is a Class C Felony pursuant to 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.

The maximum fine is $250,000.00 pursuant to 18 U.S.C. § 3571(b). A special assessment of $100.00 is mandatory pursuant to 18 U.S.C. § 3013. Restitution is not applicable in this case pursuant to 18 U.S.C. § 3663.

## The Guidelines

5

The November 1, 2013 edition of the United States
Sentencing Commission Guidelines Manual has been used in this case
for calculation purposes, pursuant to § 1B1.11(a). The Court finds
the following with respect to the Defendant's applicable offense
level, criminal history, recognition of responsibility, and term
of imprisonment:

The guideline for 8 U.S.C. § 1326(a) offenses is found
in U.S.S.G. § 2L1.2 of the guidelines. That section provides that
the base offense level for Count 1 is eight. Pursuant to U.S.S.G.
§ 2L1.2(b)(1)(A) there is a 16-level increase because the Defendant
previously was deported after the conviction of the violent
offenses of Burglary and Attempted Murder.

The Defendant has demonstrated acceptance of
responsibility for the offense. Accordingly, the offense level is
decreased by two levels pursuant to U.S.S.G. § 3E1.1(a).  The
Defendant has assisted authorities in the investigation or
prosecution of the Defendant's own misconduct by timely notifying
authorities of the intention to enter a plea of guilty.
Accordingly, the offense level is decreased by one additional
level.  U.S.S.G. § 3E1.1(b).

The total offense level is 21.

As outlined below, the Defendant has two adult criminal convictions.

On August 10, 1999, the Defendant was sentenced to 42 months' to 7 years' imprisonment for Burglary: Dwelling causing Injury and Attempted Murder: Intention in the King County Supreme Court in Brooklyn, NY.  Pursuant to § 4A1.1(a), this conviction warrants three criminal history points.

On September 25, 2013, the Defendant was sentenced to 60 days' jail for Petit Larceny and Criminal Possession Stolen Property in the Manhattan Criminal Court in New York, NY.  Pursuant to § 4A1.1(b), this conviction warrants two criminal history points.

The total criminal history score is five.  According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of five establishes a criminal history category of III.

Based upon a total offense level of 21 and a criminal history category of III, the guideline imprisonment range is 46 months to 57 months.

Since the offense is a Class C Felony, the guideline range for a term of supervised release is 1 year to 3 years pursuant to U.S.S.G. § 5D1.2(a)(2).  Since the applicable guideline range is in Zone D of the Sentencing Table, the Defendant is ineligible for probation, pursuant to U.S.S.G. § 5B1.1, comment n.2.

Pursuant to U.S.S.G. § 5E1.2(c)(3), the fine range for this offense is from $7,500 to $75,000.

Costs of prosecution shall be imposed on the Defendant as required pursuant to U.S.S.G. § 5E1.5.  In determining whether to impose a fine and the amount of such fine, the Court considers, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed.   USSG § 5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6).  These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs.   The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,412.33 to be used for imprisonment, a monthly cost of $278.95 for supervision, and a monthly cost of $2,244.17 for community confinement.

Pursuant   to   the   Defendant's   plea   agreement,   the

Government and the Defendant stipulated to the following:

A.   Offense Level

1.   The November 1, 2013, edition of the Guidelines Manual is applicable to the offense charged in Count One.

2.   Pursuant to U.S.S.G. § 2L1.2(a), the base offense level for Count One is 8.

3.   Because the defendant was removed after a conviction for a felony that is a crime of violence, to wit, a conviction on or about August 10, 1999, in King's County Supreme Court, for Burglary and Attempted Murder, in violation of New York Penal Law Sections 140.30(2) and 110/125.25(1), a 16-level increase is warranted, pursuant to U.S.S.G. § 2L1.2(b)(1)(A).

4.   Assuming the defendant clearly demonstrates the acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his or her intentions to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

5. Assuming the defendant complies fully with his obligations under this Agreement, the Government will move at sentencing for a two-level downward departure to the defendant's adjusted offense level, pursuant to U.S.S.G. § 5K3.1.

In accordance with the above, the applicable Guidelines offense level is 19.

B.   Criminal History Category

Based upon the information now available to the U.S. Attorney's Office (including representations by the defense), the defendant has five criminal history points.

In accordance with the above, the defendant's Criminal

History Category is II.

C.    Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 37 to 46 months' imprisonment (the "Stipulated Guidelines Range").    In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. §5E1.2.    At Guidelines level 19, the applicable fine range is $6,000 to $60,000.


## The Remaining Factors of 18 U.S.C. § 3553(a)


Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is not warranted in the instant case.


Under 18 U.S.C. § 3553(a)(1), the Court considers "the nature and circumstances of the offense and the history and characteristics of the defendant." Pursuant to 18 U.S.C.

10

§ 3553(2)(A), the Court weighs the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.

Due to the costs to the government in incarcerating the Defendant and the nature of the Defendant's crime, a downward departure from the Guidelines sentence is warranted.

**The Sentence**

For the instant offense, the Defendant will be sentenced to 24 months' imprisonment on Count 1.

As mandatory conditions of his supervised release, the Defendant shall:

1) Not commit another federal, state or local crime;

(2) Not illegally possess a controlled substance;

(3) Not possess a firearm or destructive device; and

(4) Cooperate in the collection of DNA as directed by the probation officer.

11

The mandatory drug testing condition is suspended based on the determination that the Defendant poses a low risk of future substance abuse.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

The Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

The Defendant shall cooperate with the Bureau of Immigration and Customs Enforcement.

It is further ordered that the Defendant shall pay to the United States a total special assessment of $100, which shall be due immediately.

The Defendant does not have the ability to pay a fine, and so the fine will be waived.

Since the offense of conviction is not drug related and the Defendant has no known current or past history of drug abuse the drug testing provisions of the Violent Crime Control Act are

12

waived.

        The terms of this sentence are subject to modification

at the sentencing hearing scheduled for May 1, 2014.



        It is so ordered.

New York, NY
April 29 , 2014

_____
ROBERT W. SWEET